IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSÉ SUERO-ALGARÍN<br><br>Plaintiff,<br><br>v.<br><br>HIMA SAN PABLO CAGUAS, ET AL.<br><br>Defendants. | CIV. NO.: 14-1508 (SCC) |

**OPINION AND ORDER**

Pending before the Court is co-defendant Centro Medico del Turabo, Inc. d/b/a HIMA San Pablo Caguas', (hereinafter "defendant HIMA" or "HIMA"), Motion for Reconsideration of Clerk's Taxation of Costs. *See* Docket 363. The case docket does not contain and opposition or response. For the reasons set forth below, HIMA's motion for reconsideration is denied.

**I. Introduction**

On May 27, 2020, plaintiff Jose Suero-Algarín (hereinafter "plaintiff Suero-Algarín") filed before the Court a Bill of Costs. *See* Docket No. 308. Defendant HIMA filed a Response in Opposition thereto. *See* Docket No. 347. On November 23, 2020, the Court referred the costs to the Clerk of

Court in accordance with Fed. R. Civ. P. 54(d)(1) and Local Rule 54(b). *See* Docket No. 351 at p. 8.[1]. On March 10, 2021, the Clerk of the Court taxed costs in the amount of $7,661.83 on behalf of plaintiff Jose Suero-Algarín. *See* Docket No. 362.

On March 24, 2020, defendant HIMA filed this motion seeking judicial review of the Clerk's Taxation of Costs. *See* Docket No. 363.

## II. Standard

The prevailing party in a federal civil action is entitled to costs, except in cases in which either a federal rule or statute otherwise provides, or in cases where the district court otherwise directs. Fed. R. Civ. P. 54(d)(1); District Court of Puerto Rico Local Rule 54(a). Costs, other than attorneys' fees, shall be charged by the Clerk of Court. Id. On motion served within the next 7 days, the district court may review the Clerk of Court's decision. Id.

## III. Analysis

Rule 54(d)(1) provides that "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Defendant HIMA's Motion for Reconsideration of Clerk's Taxation of Costs was filed

---

[1] Opinion and Order issued on November 23, 2020, where the Court denied plaintiff Suero-Algarín's request for attorney fees, and costs were referred to the Clerk of Court.

14 days after receiving notice that the Clerk had awarded costs. Thus, HIMA's challenge is untimely by 7 days. However, even exercising the Court's discretion to consider untimely objections[2], HIMA's petition fails.

HIMA raises the following arguments in support of its request for reconsideration:

1. Waiver of payment of costs by settling Defendants;

2. Prevailing party may only recover costs once;

3. Failure to apportion allowable costs;

4. Adjust taxable fees pursuant to the 10% liability; assessment apportioned by the jury;

5. Costs and fees which are not taxable.

   *See* Docket No. 363, pp. 2-10.

---

[2] Rule 54(d)(1)'s seven-day limitation period is not jurisdictional, and courts may, in their discretion, consider untimely objections. *See* 10 Moore's Federal Practice, § 54.100[3].

### A. Waiver of Payment of Costs by Settling Defendants/ Prevailing Party May Only Recover Costs Once.

Defendant HIMA argues that the Clerk failed to consider possible waiver of recovery and/or payment of costs in the confidential settlement agreement between plaintiff Suero-Algarín and co-defendants Turabo Vascular Group, PSC, and Dr. Luis Aponte. *See* Docket No. 363 at. P. 2. HIMA further argues that failing to consider the possible waiver of recovery and/or costs, violates the precept that the prevailing party may recover only one satisfaction of costs, irrespective of whether the costs are apportioned or awarded jointly or severally. Id. HIMA also avers that "pursuant to the motion filed by SIMED at Docket Number 353[3], litigation costs have already been paid on behalf of settling Defendants to the tune of $6,390.57." Id at p. 5. HIMA requests that the amount of $6,390.57 be deducted from any costs to be taxed. Id. at p. 6.

---

[3] On December 2, 2020, Atty. Anselmo Irizarry-Irizarry, as an officer of the Court, filed a <u>Special Appearance and Motion Requesting Leave to File Sealed Documents</u>, to clarify (or notify) that as part of the settlement amount, Dr. Aponte's insurance carrier, SIMED, made a payment to Plaintiff in accordance with the Confidential Partial Settlement Agreement and in the discharge of SIMED's obligation towards its insured, to wit, "such amount includes $XX,XXX.XX corresponding to insurance coverage and $6, 390.57 of insurance incidental cove rage for litigation costs pursuant to USDC Docket 183, both to which are to be disbursed by SIMED. *See* Docket No. 353 at p. 2.

We disagree. In the Opinion and Order issued on November 23, 2020, the Court acknowledged that co-defendants Turabo Vascular Group, PSC ("TVG"), and Dr. Luis Aponte entered into a confidential settlement agreement with Plaintiff Suero-Algarín. *See* Docket 351 at p. 7, n. 3[4]. The Court indicated that it had previously "specified that no allocations regarding costs or attorney's fees are found therein." *See* Docket No. 344."[5] Id. The Court also clarified that "in the confidential settlement agreement, Plaintiff Suero-Algarín released TVG and Dr. Luis Aponte from paying costs and attorney's fees in connection with this case." Id.

The record also reflects, that the Confidential Partial Settlement Agreement and General Release ("Agreement"[6]) filed before the Court on January 7, 2021, establishes the total sum of $ XX as the "Settlement Amount" to be paid in the manner therein specified "by some of the Released Persons as compensation for all of Plaintiffs' damages on account of personal, physical injuries or sickness within the meaning of 104(a)(2) of the Internal Revenue Code of 1986, as amended, and Section 1031.01(b)(3) of the Internal Revenue Code for a New Puerto Rico, as amended, arising out

---

[4] This case involved four Co-defendants: (1) Turabo Vascular Group, PSC ("TVG"); (2) Dr. Luis Aponte; (3) HIMA; and (4) Dr. Ricardo Roca." *See* Docket No. 351 at p. 7 note 3.

[5] Order issued on October 13, 2020, ruling that "Defendant HIMA will not be privy to the confidential settlement agreement between plaintiff and co-defendants since there is no allocation of costs in said agreement."

[6] "'Agreement' shall mean this 'Confidential Settlement Agreement and General Release' and any exhibits thereto." *See* Docket No. 359 Exhibit 1 at p. 4.

of the alleged faulty and negligent acts or omissions of the Released Persons." *See* Docket No. 359, Exhibit 1, pp. 2,3. By "Released Persons" the Agreement means "co-defendants Dr. Luis Aponte, his wife and conjugal partnership formed between them, his insurance company SIMED, and Turabo Vascular Group PSC, affiliates and subsidiary companies, their respective predecessors, successors, affiliates, joint ventures, insurance carriers, shareholders, members, partners, directors, officers, attorneys or legal representatives, successors and assigns." Id. at p. 2. The Agreement also establishes that Plaintiff releases the "Released Persons" from "any and all claims that have been or may be filed by, or any judgment that have been entered or may be entered in favor of, any person against the Released Person as a result of any future claim, cross claim, third party complaint, contingency claim, contribution or leveling … claim by any of the codefendants in the Lawsuit or any other person." Id. p. 3. Furthermore, it specifies that all claims "shall also mean to include all litigation costs, expenses and attorneys' fees of the Plaintiffs." Id. Therefore, the Agreement is clear that plaintiff Suero-Algarín released co-defendants TVG and Dr. Luis Aponte from paying costs in connection with this case.

In addition, the Confidential Settlement Agreement specifies that the settlement amount was to be paid directly to plaintiff through his attorneys and indicated the amounts to be disbursed by the Released Persons. Id.,

Exhibit 1 p. 6. Among the amounts to be disbursed, the Agreement indicates that "such amount includes $10,000.00 corresponding to Insurance policy coverage and $6,390.57 of insurance incidental coverage for litigation costs pursuant to USDC Docket 183, both which are to be disbursed by SIMED." Id. Therefore, SIMED payments to Plaintiff Suero-Algarín were made in accordance with the Agreement and in the discharge of SIMED's obligation towards its insured. As such, the amount $6,390.57 disbursed by SIMED, for insurance incidental coverage for litigation costs, was part of the "Settlement Amount" agreed and not an allocation of costs pursuant to Fed.R.Civ.P.54.

The record does not support defendant HIMA's arguments of waiver of recovery and/or payment of costs. It follows, that HIMA's claims as to this matter lack merit.

### B. Failure to Apportion Allowable Costs

Defendant HIMA avers that any award of costs should be apportioned in the same percentages of liability as allocated by the jury in a verdict *See* Docket No. 363 at p. 2. HIMA argues that the Clerk's taxation of costs failed to "consider any apportionment of costs, particularly since the jury allocated 90% of liability against the physician Defendants and Turabo Vascular Group, PSC, and only 10% against HIMA".

We disagree. Joint and several liability for costs is the general rule unless equity otherwise dictates. *See In re Paoli R. Yard PCB Litig.,* 221 F3d. 449 (3d Cir. 2000). Imposing only individual liability is inconsistent with the presumption embodied in Rule 54(d) of the Federal Rules of Civil Procedure that a prevailing party is entitled to recover all of its costs. *See Blake v. J.C. Penney Co.., Inc.,* 894 F. 2d 274, 281 (8th Cir. 1990). The parties could allocate the risks of costs among themselves, or any party satisfying a judgment could seek contribution from the others. *See Prestidge v. Prestidge,* 810 F. 2d 159, 162 (8th Cir. 1987) (citing *Thorsen v. Poe*, 123 Ark. 77, 184 S.W. 427, 428 (1916) ("[W]here several parties are equally liable for the same debt, or bound to the discharge of an obligation, and one is compound to pay or satisfy the whole of it, he may have contribution against the others to obtain payment for their respective shares.").

In the instant case, HIMA's Response in Opposition to Plaintiff's Bill of Costs did not present any relevant factor that could have been given consideration by the Clerk to apportion costs among defendants. Likewise, HIMA's Motion for Reconsideration of Clerk's Taxation of Costs, fails to present any evidence that would support for the Court's concession of apportioning costs. In the absence of strong considerations, it would be inequitable to place the risk of non-collection for the prevailing party.

Therefore, defendant HIMA's arguments pertaining to the failure to apportion allowable costs lack merit.

### C. Taxable Costs and Fees

Defendant HIMA requests the Court to eliminate certain amounts in costs and fees which are not taxable regarding fees for witnesses; fees for copies and exemplifications; and fees for copies. After reviewing HIMA's arguments, we support the Clerk's reasoning for taxing the amounts contested.[7]

## IV. CONCLUSION

For the reasons stated, the Court **DENIES** defendant HIMA's Motion for Reconsideration of Clerk's Taxation of Costs.

IT IS SO ORDERED.

At San Juan, Puerto Rico, on this 13th day of July 2021.

*S*/SILVIA CARRENO-COLL
UNITED STATES DISTRICT COURT JUDGE

---

[7] It most be noted that plaintiff's request for allocation of costs at Docket No. 308 was for $22,216.32. Therefore, it must be concluded that the Clerk of Court eliminated all amounts that were not taxable.